O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KAREN LOGAN, ) | Case No. EDCV 10-1310-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Karen Logan seeks judicial review of the Social Security Commissioner's denial of her application for Social Security Disability Insurance ("SSDI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.   Facts and Procedural Background**

Plaintiff was born on July 2, 1957. She completed two years of college and has work experience as a phone company customer service agent and a banking operational officer. (Administrative Record ("AR") 98, 103, 108.) Plaintiff filed her application for SSDI

1

benefits on November 29, 2007, alleging disability beginning April 11, 2005, due to cervical disc impairment and depression. (AR 93, 98.) Her application was denied initially on April 28, 2008, and upon reconsideration on August 27, 2008. (AR 43-47, 51-55.) An administrative hearing was held on August 4, 2009, before Administrative Law Judge ("ALJ") F. Keith Varni. Plaintiff was represented by counsel and testified on her own behalf. (AR 21-38.)

ALJ Varni issued an unfavorable decision on October 30, 2009. (AR 9-18.) The ALJ found that Plaintiff suffered from the severe impairment of cervical degenerative disc disease status post fusion. (Id.) The ALJ determined that this severe impairment did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 13.)

The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform light work "except she is limited in pushing and pulling with the lower extremities; can occasionally climb ramps and stairs and frequently balance, stoop, kneel, crouch or crawl, but never climb ladders, ropes or scaffolds; is limited in reaching in all directions; and she must avoid concentrated exposure to hazards (machinery, heights, etc.)." (AR 13.) The ALJ concluded that Plaintiff could return to her past relevant work as a customer service representative and banking operational officer, and was therefore not entitled to disability benefits. (AR 17.)

The Appeals Council denied review on June 30, 2010, and Plaintiff timely commenced this action for judicial review. On March 10, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following

2

claims of error: (1) the ALJ failed to properly consider the opinions of Plaintiff's treating physicians; (2) the ALJ failed to provide a complete and proper assessment of Plaintiff's RFC; (3) the ALJ failed to properly consider the actual mental and physical demands of Plaintiff's past relevant work; and (4) the ALJ did not make proper credibility findings. (Joint Stip. 2-3.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. 20.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 20-21.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's failure to make a proper credibility determination to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

---

[1] Because the ALJ erred by failing to provide specific and clear reasons for determining that Plaintiff was not fully credible, the Court does not reach the remaining issues and will not decide whether any of these issues would independently warrant relief. Upon remand, the ALJ may wish to consider the other issues raised by Plaintiff.

Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. The ALJ Improperly Discredited Plaintiff's Subjective Symptom Testimony**

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting her subjective symptom testimony. (Joint Stip. 14.) Plaintiff testified to the following at the administrative hearing: She stopped working because she was having pain in her neck, head, back, arms, shoulders and hands due to cervical disc fusion surgery she had in 2003. (AR 24.) She decided not to have additional surgery. (Id.) She receives epidural injections once a month at a pain management clinic, which help relieve her pain for approximately two weeks, and she also takes pain medication. (AR 24-26, 32-33.) She cannot return to her past job, which primarily involved working at a computer station, because she would not be able to "get up and leave and rest and

walk or stand when [she] needs to do it." (AR 27-28.) While working, her pain would increase in intensity during the course of a work week. (AR 28.) Her daily pain level ranges from a six or seven on a scale of one to ten. (AR 31.) In addition, she is generally able to sit or stand for approximately one hour before she must change positions. (AR 31-32.)

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Here, the ALJ concluded that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms." (AR 14.) However, the ALJ rejected Plaintiff's description of her symptoms "to the extent they are inconsistent" with the ALJ's assessment that Plaintiff retained the RFC to perform her past relevant work. (Id.) Because there was no evidence of malingering, the ALJ was required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

The ALJ provided two reasons for rejecting Plaintiff's

---

at 346 n.3.

6

testimony. First, the ALJ found that the objective medical evidence did not support Plaintiff's subjective pain and symptom testimony, relying upon two medical reports: a June 23, 2006 report from Dr. Richard Ostrup, M.D. and an April 8, 2008 report by Dr. Thomas Sabourin, M.D. (AR 14.) "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2).

In citing Dr. Ostrup's medical report, the ALJ merely stated that Dr. Ostrup "reported that claimant was neurologically intact." (AR 14.) However, the ALJ omitted various other portions of Dr. Ostrup's report, which were more supportive of Plaintiff's subjective symptom and pain testimony. For example, Dr. Ostrup diagnosed Plaintiff with "[l]eft C7 radiculopathy associated with persistent and symptomatic foraminal stenosis at C6-7." (AR 473.) He also stated that Plaintiff should have a second surgery as she "would benefit from re-exploration of the C6-7 disc with fusion" because it appeared that "a significant component of [Plaintiff's] discomfort is related to further compression of the left C7 nerve root." (AR 472.) Thus, the ALJ appears not to have considered Dr. Ostrup's report as a whole, but instead emphasized only selective evidence which was unfavorable to Plaintiff.

The ALJ also cited the report of the examining physician, Dr. Sabourin, who determined that the results of Plaintiff's various tests were largely normal. (AR 518-522.) Dr. Sabourin also noted that Plaintiff "enters today with pain syndrome above and beyond

7

the objective findings and the severity and duration of her symptoms disproportionate to the determinable condition." (AR 522.) However, as Plaintiff notes, Dr. Sabourin never stated that Plaintiff was exaggerating her pain or symptoms nor that she was malingering. Further, as discussed above, subjective pain testimony cannot be rejected based upon a lack of medical evidence alone. *See Rollins*, 261 F.3d at 857.

In fact, aside from Dr. Sabourin's report, the medical record as a whole largely supports Plaintiff's claims of severe and persistent pain. Plaintiff's history of complaints and attempts to obtain relief for her pain allegations are well documented. For example, Plaintiff has extensive medical records related to her treatment at the Temecula Pain Management Center for the period from July 22, 2005 to May 9, 2008, records which the ALJ completely failed to discuss. (AR 238-371, 532-537.) *See* Social Security Regulation ("SSR") 96-7P, 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").

In support of his argument that the ALJ properly addressed Plaintiff's subjective complaints, the Commissioner points to other evidence in the record which allegedly discredits Plaintiff's subjective statements. (Joint Stip. 18-19.) For example, the Commissioner notes that the results of assorted medical tests performed by various physicians were largely unremarkable. (Joint

Stip. 18-19, citing AR 151-152, 157-159, 167, 463, 520-521.) However, even assuming that this medical evidence in the record provides sufficient reason for the ALJ to reject Plaintiff's subjective complaints, the ALJ did not cite this evidence in support of his adverse credibility determination. (AR 14-15.) It would be error for this Court to affirm the ALJ's decision based upon reasons that the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

Second, the ALJ found Plaintiff not fully credible because her ability to perform certain activities of daily living was at odds with the alleged severity of her impairment. (AR 15.) Although a claimant "does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the ability to perform certain activities of daily life can support a finding that the claimant's reports of his or her impairment are not fully credible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604). The problem in this case, however, is that the ALJ failed to identify any particular activities that Plaintiff is capable of performing which would be at odds with her claimed inability to work. Rather, the ALJ merely stated that Plaintiff "reported in her adult function reports that she is able to perform a wide range of activities of daily living." (AR 25.) General findings like these are

insufficient. The ALJ must specify what evidence in the record undermines Plaintiff's credibility.

In sum, each of the ALJ's reasons for rejecting Plaintiff's testimony was either legally improper or unsupported by substantial evidence in the record.

**IV. Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett*, 340 F.3d at 876 (remanding case for reconsideration of credibility determination).

Here, the ALJ failed to explain with sufficient specificity the basis for his determination that Plaintiff was not fully credible regarding the intensity, persistence, and limiting effects of her symptoms.

//

Accordingly, the case is remanded for further proceedings consistent with this opinion and order.[3]

Dated: March 17, 2011

_____
Marc L. Goldman
United States Magistrate Judge

---

[3] Because a remand is warranted based upon the deficient credibility finding, the Court has no reason to address the other claims of error raised. However, without expressing an opinion on the merits of those claims, the ALJ should take them into account in issuing a new decision.